**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10624
Non-Argument Calendar

————————————

JOAN BANNISTER,

*Plaintiff-Appellant,*

*versus*

ASSISTANT MANAGER LOURDES I. DIAZ,
DEPUTY CLERK CHRISTINE CHOONG,
DIRECTOR WENDY MELGAR,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00927-WWB-RMN

————————————

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Joan Bannister, proceeding *pro se*, appeals the district court's dismissal of her amended complaint without prejudice.  On appeal, Bannister makes one core argument: the magistrate judge exceeded its authority and violated her rights by preparing a report and recommendation ("R&R") that recommended her complaint be dismissed without prejudice for failure to state a claim.  For the following reasons, we find no merit to her argument and affirm.

Bannister filed her initial *pro se* complaint against three defendants in May 2024 and filed an amended complaint shortly thereafter.  The defendants moved to dismiss, arguing that the amended complaint failed to state a claim, and a magistrate judge prepared an R&R recommending that the motion be granted and Bannister's amended complaint be dismissed without prejudice. It also recommended that Bannister be given an opportunity to file a second amended complaint.  The R&R notified Bannister that she had 14 days to object to these conclusions, but Bannister did not object.  After the district court adopted the unobjected-to R&R and granted the motion to dismiss, it provided Bannister time to file a second amended complaint.  Bannister declined to do so, and the district court dismissed the case without prejudice.  Bannister then timely appealed the district court's order.

We ordinarily review challenges to a magistrate judge's authority *de novo*.  *PB Legacy, Inc. v. Am. Mariculture, Inc.*, 104 F.4th 1258, 1262 (11th Cir. 2024).  We also review the dismissal of a complaint for failure to state a claim *de novo*.  *Watts v. Joggers Run Prop.*

*Owners Ass'n, Inc.*, 133 F.4th 1032, 1038–39 (11th Cir. 2025).  In undertaking our review, we liberally construe the filings of *pro se* parties.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Yet, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned," *id.*, and we will not address abandoned issues absent exceptional circumstances, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*).

A district court "may designate a magistrate judge to hear and determine any pretrial matter," unless that pretrial matter concerns a dispositive motion, such as a motion to dismiss.  28 U.S.C. § 636(b)(1)(A).  That said, magistrate judges may conduct hearings and submit to the district court proposed findings of fact and recommendations on certain dispositive motions, including motions to dismiss for failure to state a claim.  *See id.* § 636(b)(1)(B).  Thus, as the Supreme Court has explained, even though a magistrate judge is not an Article III judge, "a district court may refer dispositive motions to a magistrate for a recommendation so long as 'the entire process takes place under the district court's total control and jurisdiction,'" and the district court "'exercises the ultimate authority to issue an appropriate order.'"  *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980)).  Separately, "[u]pon consent of the parties," a magistrate judge is permitted to "conduct any or all proceedings" in a civil case.  28 U.S.C. § 636(c)(1).

When a magistrate judge prepares a report and recommendation, a party may object to the proposed findings and recommendations within 14 days.  FED. R. CIV. P. 72(b)(2).  This Court's rules provide that a party who fails to object to a magistrate judge's R&R waives the right to challenge on appeal "the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  11th Cir. R. 3-1.  When this Rule applies, we review waived objections only "for plain error if necessary in the interests of justice."  *Id.*

The law we have laid out is sufficient to resolve this appeal. The magistrate judge did not act without consent under § 636(c)(1); it acted under § 636(b)(1)(B), which authorized it—even without Bannister's consent—to submit to the district court proposed findings of fact and recommendations for disposition.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1).[1]  The district court retained ultimate control and jurisdiction over the case, as it conducted an independent, *de novo*, review of the R&R and entered the dispositive order that adopted the R&R and dismissed Bannister's

---

[1] Puzzlingly, Bannister did, in fact, consent to the magistrate judge conducting all proceedings in this case.  We assume, without deciding, that this did not waive her right to raise her challenge on appeal.  *But see Crockett v. Uniroyal, Inc.*, 772 F.2d 1524, 1530 n.4 (11th Cir. 1985) (explaining the "cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party").

25-10624              Opinion of the Court                    5

complaint without prejudice.  *Thomas*, 474 U.S. at 153.  Accordingly, Bannister is incorrect in arguing that the magistrate judge exceeded its authority.

On appeal, Bannister has not presented any arguments that the magistrate judge or the district court erred in dismissing her complaint for failure to state a claim, *Timson*, 518 F.3d at 874, and she did not object to the R&R's conclusions on this issue before the district court in any event.  Thus, even if she had not abandoned a challenge to the dismissal of her complaint by failing to raise it on appeal, our review would be only for "plain error if necessary in the interests of justice."  11th Cir. R. 3–1.  Having reviewed the entire record, we discern no error, let alone plain error, nor any exceptional circumstances that would justify addressing an issue that Bannister has abandoned.  *Campbell*, 26 F.4th at 873.  Accordingly, we affirm.

**AFFIRMED.**